FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 18, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KYLE W.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:24-CV-3080-MKD <br><br> ORDER AFFIRMING DECISION OF COMMISSIONER <br><br> **ECF Nos. 9, 13** |

Before the Court are the parties' briefs. ECF Nos. 9, 13. D. James Tree represents Plaintiff; Special Assistant United States Attorney Lori Lookliss represents Defendant. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court affirms the Commissioner's decision.

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

## JURISDICTION

Plaintiff filed applications for benefits on September 14, 2020, alleging disability beginning August 11, 2019. Tr. 306-20. The application was denied initially and upon reconsideration. Tr. 168-73, 172-87. An Administrative Law Judge (ALJ) held a hearing on June 1, 2023, Tr. 68-98, and issued an unfavorable decision on June 30, 2023. Tr. 14-36. The Appeals Council denied review on April 17, 2024. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on May 30, 2024. ECF No. 1. The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a

ORDER - 2

reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

ORDER - 3

months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

ORDER - 4

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

ORDER - 5

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 11, 2019, the alleged onset date. Tr. 20. At step two, the

ORDER - 6

ALJ found that Plaintiff had the following severe impairments: depressive disorder and anxiety disorder.  Tr. 20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 22-24.  The ALJ then concluded that Plaintiff had the RFC to perform a full range of work with the following limitations: "He can perform simple routine tasks.  He can have occasional contact with the general public.  He can work in the same room with coworkers but no coordination of work activity.  He can adapt to simple, occasional workplace changes."  Tr. 24.

At step four, the ALJ found Plaintiff capable of performing his past relevant work as a material handler, stock clerk, and agricultural produce sorter.  Tr. 29.  Alternatively, at step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  Tr. 31.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of August 11, 2019, through the date of the decision.  Tr. 31.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him benefits.  Plaintiff raises the following issues for review:

ORDER - 7

    1. Whether ALJ properly evaluated Plaintiff's testimony; and

    2. Whether the ALJ failed to sufficiently develop the record.[2]

ECF No. 9 at 2.

# DISCUSSION

## A. Plaintiff's Testimony

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims. ECF No. 9 at 5-17. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

---

[2] Although Plaintiff styles the issue as concerning the evaluation of medical opinion evidence, ECF No. 9 at 2, his argument addresses the ALJ's duty to develop the record, *id*. at 17-19; ECF No. 14 at 6-7.

ORDER - 8

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other

ORDER - 9

factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence. Tr. 25.

The ALJ indicated, among other things, Plaintiff testified "he remains unable to work full-time due to difficulty to follow instructions, handle stress, and be around most people or be in the public[.]" Tr. 25.

The ALJ offered numerous reasons to discount the Plaintiff's testimony, several of which the Court finds well supported. First, the ALJ discounted Plaintiff's testimony on the ground "any support provided by the medical record for the alleged severity of the impairments is outweighed by the claimant's work as the caregiver for his mother." Tr. 27. "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim*, 763 F.3d at 1165 (citations omitted). This ground is supported by substantial evidence. As the record reflects, *see* Tr. 75-76,

ORDER - 10

80, the ALJ found Plaintiff "initially cared for [his mother] 38 hour per month, but it increased to 77 hours per month. He reported preparing meals for her, doing her laundry and other light chores, and taking her to walks and shopping[.]" Tr. 27. The ALJ reasonably concluded Plaintiff "appears to be able to care for his mother, which can be quite demanding both physically and emotionally, without any particular assistance." Tr. 27; *see* Tr. 80-81 ("Q: And so why aren't you working right now, other than the caregiving that you're doing? It seems like you enjoy that job. Is that something you think you can do on a fulltime basis? A: Yes. So the caregiving job is more one on one. I do enjoy the caregiving job and I felt that I can do this long-term versus working at a job that's a regular set schedule with a bunch of, a bunch of people."). The ALJ did not err by discounting Plaintiff's testimony on this ground. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("The ALJ made a reasonable determination based on specific, clear, and convincing evidence that Smartt's daily activities were inconsistent with the alleged severity of her limitations."); *Molina*, 674 F.3d at 1113 (noting that "[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citations omitted); *cf. Trevizo v. Berryhill*, 871 F.3d 664, 676, 682 (9th Cir. 2017) (reversing discounting of claimant's testimony on similar ground, noting record there, unlike here, contained "almost no

ORDER - 11

information" about regular childcare activities involved, including their extent and frequency, whether claimant cared for the children alone or with the assistance of others, and that the "only childcare responsibilities identified at the hearing were one-off events, such as taking the children to the doctor or attending hearings (often by phone")).

Next, the ALJ discounted Plaintiff's testimony as inconsistent with his improvement with medication and mental health treatment and the nature of Plaintiff's mental health treatment. Tr. 26. "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability," *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (citing 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1)).  Further, a "claimant's failure to assert a good reason for not seeking treatment … can cast doubt on the sincerity" of the testimony and an ALJ may discount a claimant's testimony when the "level or frequency of treatment is inconsistent with the level of complaints." *Molina*, 674 F.3d at 1113-14 (citations omitted).  Substsantial evidence supports these grounds ground.  *See, e.g.*, Tr. 624 (December 17, 2020, treatment note indicating, among other things, depression and anxiety are "much better" and "med[ication] is working so well"); Tr. 661 (October 22, 2021, treatment note indicating medication "has really been helping with is [*sic*] anxiety/depression"); Tr. 668 (November 24, 2021, treatment note indicating depression and anxiety have

ORDER - 12

"si[g]nifically improved" with medication); Tr. 641 (October 12, 2021, examination note indicating Plaintiff "has not participated in any mental health counseling").  The ALJ thus reasonably relied on these grounds to treatment to discount Plaintiff's testimony.

Because the ALJ gave at least three valid reasons for discounting Plaintiff's testimony, the Court need not address the balance of the ALJ's stated reasons for discounting Plaintiff's testimony.  Any inclusion of erroneous reasons was inconsequential and therefore harmless.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

### B. Duty to Develop the Record

Plaintiff argues the ALJ failed to appropriately develop the record, contending ambiguities relating to the opinion of a consultative examiner (both with respect to the opinion itself and how the opinion was assessed on review and reconsideration) warranted either further clarification from the consultative examiner or "a second" opinion.  ECF No. 9 at 18-19.

"In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  The ALJ's duty to "conduct an appropriate inquiry" is triggered only where evidence is ambiguous or the record is inadequate to allow

ORDER - 13

for proper evaluation of the evidence. *Id.*; *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

The Court discerns no ambiguity with respect to the consultative examiner's opinion. Rather, because the consultative examiner did not assess Plaintiff's specific functional limitations, *see* Tr. 644-45, the ALJ reasonably and permissibly concluded that "her statement is not very helping in determining the claimant's residual mental functional capacity." Tr. 29; *cf. Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC."). The ALJ was thus not required to recontact the consultative examiner.

The ALJ also did not err by declining to order a second consultative examination. Although the state agency noted, on reconsideration, that "[t]here is [insufficient evidence] to assess current functioning,"[3] Tr. 145, and Plaintiff's counsel requested a second consultative examination at the hearing, Tr. 74,

---

[3] The state agency also noted Plaintiff "failed to attend an updated [consultative examination]" and "[Plaintiff] nor the [third] party has responded to attempts of contact." Tr. 145.

ORDER - 14

Plaintiff's counsel explicitly contended at the hearing that "the record shows [Plaintiff] has significant impairments in employment, based on the first consultative exam." Tr. 74. This concession undermines the argument that "the record is inadequate to allow for proper evaluation of the evidence." *Ford*, 950 F.3d at 1156 (quoting *Mayes*, 276 F.3d at 459-60); *see* 20 C.F.R. § 404.1512(a) (noting the claimant bears the ultimate burden to prove disability). The ALJ thus reasonably relied upon – and rejected – the consultative examiner's opinion, as discussed above.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 9**, is **DENIED**.

2. Defendant's Brief, **ECF No. 13**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED November 18, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 15